UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDGAR BARBOSA, *et al.*,

        Plaintiffs,

  -against-

PHOENIX SUTTON STR. INC., *et al.*,

        Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-00666 (OEM) (CLP)

ORELIA E. MERCHANT, United States District Judge:

    Plaintiffs Edgar Barbosa, Washington Najera, Luis Lemache, Javier Bueno Marca, Jaime Cordova, Raul Torres, Victor Abad, Oscar Amaya, Juan Lopez, Brayan Alexander Duran Perez, Diego Fernando Cardona Perez, Duran Jeison Perez Javier, Francisco Javier Reyes Rodriguez, Luis Florencio Deleg Yunga, Mario James Barbosa Perez, and Nelson Omar Echeverria Lopez ("Plaintiffs"), individually and purportedly on behalf of all others similarly situated, bring this action against Defendants Phoenix Sutton Str. Inc., Michal Siwiec, Peter Siwiec, and Stanislaw Gonczowski ("Defendants") to recover allegedly unpaid overtime wages. Second Amended Complaint ("SAC"), ECF 29.

    On April 26, 2024, the Court granted Defendants' partial motion to dismiss Plaintiffs' claims arising under New York Labor Law ("NYLL") § 195(1) and § 195(3) for lack of standing under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 422 (2021). Memorandum and Order ("Order"), ECF 48. Specifically, the Court dismissed Plaintiffs' third cause of action ("wage notice claim") and fourth cause of action ("wage statement claim"), *see* SAC ¶¶ 229-34, for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), finding that under *TransUnion* and its progeny, Plaintiffs had failed to

plausibly allege that Defendants' failure to provide them with notices and statements caused Plaintiffs to sustain an injury-in-fact sufficient to confer them Article III standing. *See* Order.

Before the Court is Plaintiffs' fully-briefed motion for reconsideration[1] of the Court's April 26, 2024 Order, arguing that the Second Circuit's decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024) constitutes an intervening change in the law.[2] For the following reasons, Plaintiffs' motion for reconsideration is granted in part and denied in part.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and the procedural history and only provides a summary of the pertinent facts. *See Barbosa v. Phoenix Sutton Str. Inc.*, 22-CV-0666, 2024 WL 1835320, at *3 (E.D.N.Y. Apr. 26, 2024).

Plaintiffs were employed by Defendants as construction workers, scaffolders, and laborers on construction sites. SAC ¶¶ 8-24, 54-199. In their third and fourth causes of action for wage notices and wage statements, Plaintiffs allege that Defendants failed to provide Plaintiffs with written wage notice "in English and in Spanish (Plaintiffs' primary language)" and wage statements upon each payment of wages, in violation of NYLL § 195(1) and § 195(3). SAC ¶¶ 229-234. Specifically, each plaintiff alleges that he:

> suffered an actual and concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an

---

[1] Plaintiffs' Notice of Motion for Reconsideration, ECF 55; Plaintiffs' Memorandum of Law ("Pls.' MOL"), ECF 55-1; Attorney Katelyn Schillaci's Affirmation ("Schillaci Aff."), ECF 55-2; Defendants' Memorandum of Law in Opposition ("Defs.' Opp."), ECF 55-4; and Plaintiffs' Reply ("Pls.' Reply"), ECF 55-5.

[2] Plaintiffs bring this motion for reconsideration under Federal Rule of Civil Procedure 60(b). Pls.' MOL at 2. "By its express terms, Rule 60(b) applies only to *final* orders, not interlocutory orders." *Article 13, LLC v. Ponce de Leon Fed. Bank*, 686 F. Supp. 3d 212, 216 n.3 (E.D.N.Y. 2023) (quotations and citation omitted). The Court's April 26, 2024 Order is not a "final order" for purposes of Rule 60(b) and therefore the Court will reconsider its decision under the standard described in Rule 54(b), which governs reconsideration of non-final orders. *See* Fed. R. Civ. P. 54(b); *McCowan v. Dean Witter Reynolds, Inc.*, 889 F.2d 451, 453-54 (2d Cir.1989) (explaining that the effect of a district court's order disposing of fewer than all claims was the issuance of an interlocutory order).

inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA – which they were not. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL[.]

SAC ¶ 62 (Barbosa), ¶ 71 (Najera), ¶ 80 (Lemache), ¶ 91 (Marca), ¶ 100 (Cordova), ¶ 109 (Torres), ¶ 118 (Abad), ¶ 127 (Amaya), ¶ 136 (Lopez), ¶ 145 (Duran Perez), ¶ 154 (Cardona Perez), ¶ 163 (Perez Javier), ¶ 172 (Reyes Rodriguez), ¶ 181 (Deleg Yunga), ¶ 190 (Barbosa Perez), ¶ 199 (Echeverria Lopez), ¶ 204 (class action allegation).

New York's Wage Theft Prevention Act of 2010 ("WTPA") amended NYLL § 195. *See* 2010 N.Y. Laws ch. 564. As amended, Section 195(1)(a) requires an employer to provide an employee, at the time of the employee's hiring, with a written wage notice, known as the "wage notice," that (1) describes the employee's rate of pay for regular and overtime hours, (2) states whether the employer intends to credit allowances for items such as tips, meals, and lodging toward the employee's minimum wage, (3) describes certain healthcare benefits, and (4) provides other basic information, such as the regular pay day hours, designated by the employer and the employer's address and telephone number. N.Y. Lab. L. § 195(1)(a); *see Guthrie*, 113 F.4th at 303. Section 195(3) also requires, at each time wages are paid, that the employer furnish the employee with a statement, known as the "wage statement," listing various information including the dates of work covered by the payment, information identifying the employer and employee, details about the regular and overtime rates of pay, and the number of hours worked. N.Y. Lab. L. § 195(3); *see Guthrie*, 113 F.4th at 303. The NYLL provides for statutory damages of up to $10,000.00 when an employer fails to provide an employee with the required wage notices and statements. N.Y. Lab. L. § 195(1)(b), (d).

## LEGAL STANDARDS

"Rule 54(b) [of the Federal Rules of Civil Procedure] allows for reconsideration of non-final orders in the district court's equitable discretion." *Article 13, LLC*, 686 F. Supp. 3d at 215 (reconsidering denial of partial summary judgment); *see Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (holding that decision to grant or deny reconsideration "is committed to the discretion of the district court"). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Mallek v. Allstate Ins. Co.*, No. 22-86, 2023 WL 3513783, at *2 (2d Cir. May 18, 2023) (confirming that the standard described in *Virgin Atlantic Airways* continues to apply to motions to reconsider an interlocutory order under Rule 54(b)). Ultimately, it is within the district court's discretion to decide whether to grant a motion for reconsideration. *Shrader*, 70 F.3d at 257.

A motion to dismiss for lack of standing is construed as a motion to dismiss under Rule 12(b)(1). *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)). At the pleading stage, "the task of the district court is to determine whether the pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56. And while the Court must take all facts alleged in the plaintiff's complaint as true and draw all reasonable

inferences from the complaint, it is nonetheless the plaintiff's burden to establish standing under Article III of the Constitution. *Id.* at 56-57 (distinguishing between facial and fact based standing challenges). To establish standing, a plaintiff must allege that it has (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *See id.* at 55 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

## DISCUSSION

Plaintiffs request reconsideration of the Court's Order dismissing Plaintiffs' wage statement and notice claims for lack of standing. *See generally* Pls.' MOL. Plaintiffs assert that there has been an intervening change in controlling law since this Court's April 26, 2024 Order when the Second Circuit issued its decision in *Guthrie* on August 30, 2024, that has altered the applicable standard for adjudicating at the pleading stage claims brought under NYLL § 195(1) and § 195(3). *Id.*

Noting that district courts in this Circuit "have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show standing" under NYLL § 195, the Second Circuit's decision in *Guthrie* clarified what a plaintiff must show to establish standing to bring a wage notice or wage statement claim under NYLL § 195. *Guthrie*, 113 F.4th at 305 (internal quotation and citation omitted). The *Guthrie* court confirmed that *TransUnion* holds that "a plaintiff cannot rely on 'technical violations' of the [NYLL] but must allege 'actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations." *Id.* at 305 (citation omitted). Analyzing *TransUnion*, *Guthrie* noted that the Supreme Court rejected the concept of purely "informational injury" and clarified that "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 307. Thus, "a plaintiff must show

some causal connection between the lack of accurate notices and the downstream harm" to plausibly allege a NYLL violation. *Id.* at 308. The Court held that:

> A plaintiff-employee *may* have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion. But the plaintiff-employee cannot 'assume[ ] [t]his conclusion without analysis' or rely on 'speculation and conjecture.' Rather, the plaintiff-employee must support a plausible 'theory as to how he was injured by [the] defendants' failure to provide the required documents.'

*Id.* at 309 (citation omitted).

The *Guthrie* court also found that "some district courts have imposed too high a burden on plaintiffs-employees in § 195 cases" and that an employee who has actually lost wages is not analogous to a plaintiff-tester. *See id.* at 309 & n.6 (citing to multiple district court decisions, including this Court's Order in this case). Finally, the Court explained that "a plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has [a sufficient] concrete interest and is not simply policing legal infractions in the abstract." *Id.* at 310.

Here, Plaintiffs allege that Defendants' failure to provide them with "proper wage notices and wage statements . . . result[ed] [in] Plaintiff[s'] inability to identify [their] employer to remedy [their] compensation problems," contributed to Plaintiffs' "inability to identify [their] hourly rate of pay to ascertain whether [they were] being properly paid in compliance with the FLSA—which [they were] not," and "prevented Plaintiff[s] from being to calculate [their] hours worked, and proper rates of pay, and determine if [they were] being paid time-and-a-half for [their] overtime hours . . . ." *E.g.*, SAC ¶ 62. Plaintiffs allege that not being provided accurate documentation that informed them of their hours worked, wage, overtime rates, or the identity of their employers caused them harm for purposes of NYLL § 195(1) and § 195(3). *Id.* Taking these facts as true and in the light most favorable to Plaintiffs at the pleading stage, except for Plaintiff Delug Yunga,

*see infra* at 8, Plaintiffs have sufficiently established Article III standing. *See Guthrie*, 113 F.4th at 309-10 ("a plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has . . . a concrete interest" sufficient to establish standing).

Defendants argue that Plaintiffs alleged the number of hours they worked and what their pay rate was, and therefore, the "fact that the Plaintiffs know how many hours they worked and their rate of pay contradicts and renders implausible Plaintiffs' allegations that they were deprives [sic] of information necessary for them to calculate their wage rate and determine if they were being paid in accordance with the law." Defs.' Opp. at 4 (citing *Lock v. Costco Wholesale Corp.*, 23-CV-07904 (NJC) (ST), 2024 WL 4728594, at *4 (E.D.N.Y. Nov. 8, 2024)). But *Lock* is distinguishable because Plaintiffs in this case have alleged that Defendants' failure to provide them with wage statements and notices prevented them from *identifying* their employers in order to *remedy* their deficient compensation—*i.e.*, "loss of wages" and inability to undertake advocacy to avoid some actual harm. *See Guthrie*, 113 F.4th at 308. Indeed, in *Lock*, the court dismissed the case because the plaintiffs there, in addition to knowing their hours worked, "failed to demonstrate that they suffered an actual injury resulting from [defendant's] provision of allegedly inaccurate wage statements, such as the inability to timely advocate for unpaid wages or timely challenge their misclassification as exempt employees. *See Lock*, 2024 WL 4728594, at *6. But, this is not the case here. Plaintiffs' purported knowledge of their rate and hours worked is of no utility as it cannot ward off the consequences of some actual harm where Plaintiffs alleged that they were not able to identify their employer. *See Cinar v. R&G Brenner Income Tax, LLC*, 20-CV-1362 (RPK) (JRC), 2024 WL 4224046, at *4 (E.D.N.Y. Sept. 18, 2024) (plaintiff alleges he "would have confronted [d]efendants and advocated for the proper payment of wages").

Notwithstanding the intervening change in controlling law, Plaintiff Deleg Yunga has failed to demonstrate that he has standing to purse his wage notice claim under NYLL § 195(1). "New York Labor Law section 195(1) requires employers to provide employees with wage notices within ten business days of the start of employment." *Kone v. Joy Constr. Corp.*, 15-CV-1328 (LTS), 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (internal quotation and citation omitted). However, "it is well settled in the Second Circuit that the WTPA does not apply retroactively, and employees hired prior to April 9, 2011, when the WTPA took effect, may not recover damages under NYLL § 195(1)." *Roma v. David Carmili, Physician, P.C.*, 23-CV-4072 (KAM) (CLP), 2024 WL 5152211, at *6 (E.D.N.Y. Dec. 18, 2024); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017); *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013) ("Because there is no support for retroactivity in either the text or the legislative history, we hold that the 2011 amendment is not retroactive."). Here, the SAC alleges that Plaintiff Deleg Yunga "was employed by Defendants from in or around June 2004 until in or around 2021" and that "Defendants failed to provide Plaintiff with a wage notice at the time of his hire or any time during his employment in violation of [ ] NYLL." SAC ¶¶ 173, 179. Thus, because Plaintiff Deleg Yunga was hired in 2004 before the WTPA took effect, he has not established standing for a NYLL § 195(1) claim, and as such that claim is dismissed without prejudice. *See Roma*, 2024 WL 5152211, at *6 (dismissing NYLL § 195(1) wage notice claim where plaintiff was hired by defendant in 2002).

Finally, Defendants' procedural arguments in opposition fail. Defendants argue that Plaintiffs' motion for reconsideration is untimely because Plaintiffs failed to comply with Local Civil Rule 6.3's requirement that parties file reconsideration motions within 14 days of a court's order, pointing that (1) Plaintiffs did not file a reconsideration motion within 14 days of Court's

April 26, 2024 order and (2) even accounting for the fact that *Guthrie* decision was not issued until August 30, 2024, which is the basis for the instant motion, Plaintiffs waited another two months to file their motion. Defs.' Opp. at 1. However, a "district court 'has broad discretion to determine whether to overlook a party's failure to comply with local court rules,'" *Mallek*, 2023 WL 3513783, at *2 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)), and, in the face of a seminal decision like *Guthrie* that has altered the legal standard for Article III standing with respect to NYLL claims, the Court will exercise that discretion in overlooking Plaintiffs' failure to comply with Local Rule 6.3. Moreover, as stated above, *see supra* note 2, Plaintiffs' error in invoking Rule 60 to bring this motion when the proper vehicle is Rule 54, is not sufficiently material to deny the motion on that basis alone. *See Article 13, LLC*, 686 F. Supp. 3d at 216, 219 (granting motion for reconsideration of partial summary judgment notwithstanding plaintiff bringing motion under Rule 60(b) instead of properly under Rule 54).

## CONCLUSION

For the foregoing reasons stated, Plaintiffs' motion for reconsideration is granted in part and denied in part. Plaintiffs' third and fourth causes of action are reinstated to proceed, except Plaintiff Luis Florencio Deleg Yunga's third cause of action for wage notice under NYLL § 195(1), which is not reinstated.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

April 10, 2025
Brooklyn, New York